**Leonidas Reyes PAZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75020.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

Edgardo Quintanilla, Esq., Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Steven K. Sharpe, Esq. Cheyenne, WY, for Respondent.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM **

Leonidas Reyes Paz, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") order denying his application for asylum and withholding of removal. We

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001), and we deny the petition for review.

█ Substantial evidence supports the IJ's determination that Reyes Paz did not suffer past persecution, and does not have a well-founded fear of future persecution, on account of a protected ground. Reyes Paz testified that he and his father refused to join the guerillas and that his father was kidnapped by guerillas in 1991. He also testified that he and his mother, as well as his male siblings, were beaten by guerillas. Neither this testimony, nor any other evidence in the record, compels the conclusion that the guerillas targeted Reyes Paz, even in part, on account of social group or political opinion, rather than because of his refusal to join the guerillas. *See Tecun–Florian v. INS*, 207 F.3d 1107, 1109–10 (9th Cir.2000) (upholding agency determination that guerillas kidnapped and abused petitioner solely in retribution for refusing to join their group, and not on account of a protected ground).

█ Because Reyes Paz failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Ochave*, 254 F.3d at 868.

Reyes Paz's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**